NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0204n.06

No. 14-6082

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 12, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | On Appeal from the United States |
| v. | ) | District Court for the Eastern District |
| | ) | of Tennessee |
| LEONTA DEMON EPPS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| _____/ | ) | |

**Before: GUY, COOK, and McKEAGUE, Circuit Judges.**

**PER CURIAM.** While on supervised release following his conviction for violating 18 U.S.C. § 922(g)(3), defendant Leonta Epps committed several violations of the conditions of his supervised release including the commission of a crime. The probation officer petitioned the district court to revoke his supervised release. After a hearing, the district court revoked defendant's supervised release and imposed a within-Guidelines sentence of 10 months of imprisonment. The only issue raised on appeal is the defendant's contention that the district court failed to give adequate explanation or justification for the sentence imposed. Finding no merit to this argument, we affirm.

This court reviews the district court's sentencing determination for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). To satisfy

procedural reasonableness, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008). Also, we apply a rebuttable presumption of substantive reasonableness to a within-Guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Defendant violated the terms of his supervised release multiple times by unlawfully using drugs, committing theft and trespass offenses, and concealing his criminal activity from his probation officer. Defendant also failed to take advantage of the opportunities afforded to him when the district court granted a supervised release modification to place defendant in a residential reentry center before his most recent arrest. Defense counsel objected to the classification of his latest criminal offense—charged as a burglary but resolved by a guilty plea to aggravated criminal trespass—as a Class B violation of supervised release. After testimony from the probation officer, the district court gave Epps the benefit of the doubt and classified the conduct as a Class C violation that resulted in a lower Guidelines range of 5 to 11 months of imprisonment. The within-Guidelines sentence of 10 months of imprisonment is entitled to a presumption of reasonableness, and defendant has not identified any non-frivolous arguments that were not considered. The district judge's sentencing determination provides more than adequate explanation and justification for the sentence imposed.

**AFFIRMED.**